**COHN | BIRNBAUM | SHEA**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

HARTFORD • NEW YORK

100 PEARL STREET
HARTFORD, CONNECTICUT 06103-4500
TELEPHONE 860 • 493 • 2200
FACSIMILE 860 • 727 • 0361
WWW.CBSHEALAW.COM

Scott D. Rosen, Esq.
srosen@cbshealaw.com

May 26, 2016

Hon. Robert N. Chatigny
United States District Judge
United States District Court
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 228
Hartford, Connecticut 06103

Re: Avon Capital Holdings, LLC and Avon Capital, LLC v.
HSH Nordbank, AG and Stroock & Stroock & Lavan LLP,
Civ. No. 16-cv-00101 (RNC)

Dear Judge Chatigny:

We are counsel to defendant HSH Nordbank, AG ("HSH") in the referenced action (the "Action"). In accordance with the Court's Order on Pretrial Deadlines (the "Pretrial Order") [ECF No. 2] and the Court's Order dated May 25, 2016 [ECF No. 30], HSH requests a pre-motion conference to seek permission to file a motion to dismiss the Second Amended Complaint (the "SAC"). Plaintiffs Avon Capital Holdings, LLC and Avon Capital, LLC (collectively, "Avon") have agreed not to oppose a request by HSH for permission to file the proposed motion without prejudice to Avon's rights to oppose that motion when filed. *See* Stipulation between HSH and Avon dated April 21, 2016 [ECF No. 21], approved by the Court on April 22, 2016 [ECF No. 22]. *See also* Consent Motion dated May 20, 2016 [ECF No. 29].

The SAC was filed by Avon on April 25, 2016. In the SAC, Avon added a new defendant, Stroock & Stroock & Lavan LLP ("Stroock"), and asserted additional alleged claims against HSH.[1] The alleged claims made solely against HSH now include claims for breach of fiduciary duty, constructive fraud on grounds of a confidential or special relationship, negligence and breach of a duty of care (collectively, the "Duty Claims"). In addition, there are several alleged claims asserted against both HSH and Stroock, including common-law indemnification, civil conspiracy and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a ("CUTPA").

---

[1] Stroock is represented by Bruce Schneider, Esq. of that firm. Stroock recently consented to waive service of a summons under Fed. R. Civ. P. 4(d). *See* ECF No. 28.

HSH believes that there are multiple bases for its proposed motion to dismiss, including that there is no personal jurisdiction over HSH. Specifically, HSH is not "at home" in Connecticut, as required for general jurisdiction, *Daimler AG v. Bauman*, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014), and none of the acts that purportedly give rise to the alleged claims against HSH took place in Connecticut, as required for specific jurisdiction and Connecticut's Long-Arm Statute. Conn. Gen. Stat. § 33-929. In addition, Avon asserts claims for which it does not have standing and other claims are barred by applicable statute of limitations. Further, in the SAC, Avon has failed to plead predicate factual allegations to satisfy the standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009), or under Federal Rule 9(b).

Among other things, and without waiver of other grounds, Avon's Duty Claims all presuppose that HSH owed a duty to Avon. However, HSH had no business or other relationship with Avon, which is the alleged equity holder of HSH's borrower, non-party Life Insurance Fund Elite LLC. A bank like HSH does not owe fiduciary duties to its borrower, much less to the purported equity holder of its borrower. *Bank of New York v. Cutone*, 2015 Conn. Super. LEXIS 2447, * 17 – 18 (Sept. 23, 2015). No other alleged duty exists either. The asserted claims of common-law indemnification, civil conspiracy and CUTPA also fail as a matter of law. Among other deficiencies, no underlying tort is pleaded to support the civil conspiracy claim. Similarly, Avon has not alleged that it is liable for any tort for which it may seek indemnity from HSH (and none exists), as required for common-law indemnification. *O&G Indus. v. Aon Risk Servs. Northeast*, 2013 U.S. Dist. LEXIS 125743 (D. Conn. Aug. 30, 2013). The CUTPA claim also fails to state a claim on both pleading and substantive grounds.

As reflected in the Consent Motion, in accordance with the Pretrial Order, on May 19, 2016, counsel for HSH and Avon conferred with respect to HSH's proposed motion to dismiss the SAC. Counsel had a full and frank discussion in a good-faith effort to clarify the issues and to eliminate or reduce the areas of controversy. Although counsel did not eliminate any area of controversy or arrive at a mutually satisfactory resolution, they did clarify each party's position on the issues raised.

By reason of the foregoing, HSH requests that the Court schedule a pre-motion conference to discuss HSH's request for permission to file its proposed motion to dismiss the SAC. We are available at the Court's convenience. We thank the Court for its consideration of this request.

Respectfully submitted,

*[signature]*

Scott D. Rosen

cc: Jack E. Robinson, Esq.
Bruce H. Schneider, Esq.