UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AVON CAPITAL HOLDINGS, LLC, | : | |
| and AVON CAPITAL, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 3:16-cv-00101-RNC |
| | : | |
| HSH NORDBANK AG and | : | |
| STROOCK & STROOCK & LAVAN LLP, | : | |
| | : | |
| Defendants. | : | JUNE 15, 2016 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Parties:** (i) Avon Capital Holdings, LLC ("Avon Holdings") and Avon Capital, LLC ("Avon Capital") (collectively, "Avon"); (ii) HSH Nordbank AG ("HSH"); and (iii) Stroock & Stroock & Lavan LLP ("Stroock").

**Date Complaint Filed:** Original complaint was filed on January 22, 2016. [ECF No. 1] Amended Complaint was filed on January 28, 2016. [ECF No. 6] Second Amended Complaint ("SAC"), which is currently the operative complaint, was filed on April 25, 2016. [ECF No. 23]

**Date Complaint Served:** Waivers of service, in accordance with Fed. R. Civ. P. 4(d), were filed for HSH on March 1, 2016 [ECF No. 9] and for Stroock on May 20, 2016. [ECF No. 28]

**Date of Defendants' Appearance:** HSH appeared on March 17, 2016 [ECF No. 10], and Stroock appeared on June 10, 2016. [ECF No. 34]

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 9, 2016, between Avon and HSH. The participants were:

Jack E. Robinson, Esq. for Avon.

Peter Feldman, Esq., John Bougiamas, Esq. and Scott D. Rosen, Esq. for HSH.

Stroock did not appear in the action until the next day, June 10, 2016. However, this Report has been reviewed and approved by Stroock, represented by James R. Smart, Esq. and Bruce H. Schneider, Esq.

## I.     Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.  Subject Matter Jurisdiction

Each of the Avon entities alleges that it is a limited liability company whose members are citizens of Delaware and Connecticut, meaning that both Avon entities are citizens of Delaware and Connecticut.  HSH is a German corporation with a representative office in New York.  Stroock is a limited liability partnership which asserts that one of its partners "resides" in Connecticut.

Avon invokes federal question jurisdiction under the Edge Act, 12 U.S.C. § 632, asserting that this is a civil suit, an original (but former) defendant is a federally chartered corporation, and this action arises out of transactions involving international or foreign banking or out of international or foreign financial operations.  Stroock and HSH assert that the Edge Act does not confer jurisdiction for claims against them, among other things, because no current party is a national bank and the alleged events in the SAC do not involve foreign financial operations of a national bank.

Avon also invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(2) alleging that this is a civil action between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Avon also invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(3) asserting that this is a civil action between citizens of different States in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

By letter dated May 17, 2016, Stroock advised Avon that one of Stroock's partners "resides" in Connecticut.  Avon asserts that diversity jurisdiction is based on "domicile" and not "residence," and therefore diversity jurisdiction may still exist.  However, Avon states that if Stroock provides Avon with competent evidence that one of its partners is actually domiciled (rather than being merely a resident) in Connecticut, then complete diversity between Avon, on the one hand, and Stroock and HSH, on the other hand, would be lacking.  Stroock believes that Avon's argument is semantic.  Stroock has advised Avon that it will continue to consult in good faith to satisfy Avon that its partner is a Connecticut "resident" and "domiciliary."  Avon asserts that its argument is substantive, and that "residence" is irrelevant for purposes of determining whether diversity exists.[1]

By the same letter, Stroock also advised Avon that disputes between Stroock and Avon are subject to an arbitration clause which, if applicable, could divest this Court of subject matter jurisdiction over the claims between Avon and Stroock.  While Avon admits the existence of the arbitration clause, Avon notes that the retainer agreement in which the arbitration clause appears does not contain a choice of law provision.  Avon further asserts that, at least under Connecticut law (which Avon contends governs its relationship with Stroock), it is against public policy to require legal malpractice claims to be arbitrated.  Stroock denies that the arbitration clause is inapplicable.

---

[1]  "[I]t has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the [Federal] Courts of the United States; and that a mere averment of residence in a particular State is not an averment of citizenship in that State for the purposes of jurisdiction."  Steigleder v. McQuesten, 198 U.S. 141, 143 (1905).  See also Realty Holding Co. v. Donaldson, 268 U.S. 398, 399 (1925) (allegation in complaint that appellee is a "resident" of Michigan "is not a sufficient allegation of appellee's Michigan citizenship."); Banerjee v. Roberts, 641 F. Supp. 1093, 1103 (D. Conn. 1986) ("citizenship and residence are wholly different things within the meaning of the Constitution.") (Internal citation and quotation marks omitted); Grand Trunk R. Co. v. Twitchell, 59 F. 727, 729 (1st Cir. 1894) ("an averment of residence is not the equivalent of an averment of citizenship"); Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) (per curiam) ("the relevant standard is 'citizenship,' i.e., 'domicile,' not mere residence; a party may reside in more than one state but can be domiciled, for diversity purposes, in only one.").

B. <u>**Personal Jurisdiction**</u>

Both HSH and Stroock contest personal jurisdiction, and claim that neither general nor specific personal jurisdiction exists over them in Connecticut.  Specifically, HSH is a bank organized under the laws of Federal Republic of Germany with its primary place of business in Germany.  HSH contends that it is not "at home" in Connecticut, as required for general jurisdiction, and none of the acts that purportedly give rise to the alleged claims against HSH took place in Connecticut, as required for specific jurisdiction and Connecticut's Long-Arm Statute. Conn. Gen. Stat. § 33-929.

Avon contends that the requirements of the Connecticut long-arm statute with respect to Stroock, Conn. Gen. Stat. § 52-59b, are met.  Avon contends that the requirements of the Connecticut long-arm statute with respect to HSH, Conn. Gen. Stat. § 33-929, are also met.  Avon further contends that, at this stage of the proceedings, it is entitled to jurisdictional discovery on the issue before a full and complete record can exist on which the Court can make an informed decision.

Stroock and HSH object to discovery on issues of personal jurisdiction, at least until Avon establishes: (a) that this Court has subject matter jurisdiction and that, with respect to Stroock, the arbitration agreement is unenforceable; and (b) the requisite factual showing that Connecticut's long-arm statute reaches Stroock and HSH, and that the court's exercise of jurisdiction will not violate due process. <u>See</u>, <u>e.g.</u>, <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 255 (2d Cir. 2007) (affirming district court's decision not to permit jurisdictional discovery, concluding that "the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction"). Avon asserts that, at this stage of the proceedings, its averments that personal jurisdiction over both HSH and Stroock exists are sufficient, and that the burden now falls to HSH and Stroock to establish facts showing that personal jurisdiction is lacking.

### III.     Brief Description of Case

####     A. Avon's Description/Claims (as stated by Avon):

Avon describes this Action as follows, with which description HSH and Stroock do not agree and reserve all rights:

This is an action by Avon against HSH and Stroock arising out of a failed restructuring of a life insurance settlement fund in which Avon lost $60 million with respect to the fund and another $86 million as the result of an arbitration award in that amount issued against Avon (for total compensatory damages of $146 million).  Avon seeks to hold HSH liable for its losses generally under a "lender liability" theory and to hold Stroock liable for legal malpractice and negligence for bungling the fund's restructuring while Stroock was representing Avon (and, unbeknownst to Avon, was also representing HSH) with respect thereto.  Avon seeks treble damages against both HSH and Stroock, jointly and severally, under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. ("CUTPA"), in the amount of $439 million.

Avon has filed the following claims against HSH: (i) breach of fiduciary duty; (ii) constructive fraud; (iii) negligence; and (iv) breach of the duty of care.  Avon has filed the following claims against Stroock: (i) professional malpractice; (ii) negligence; and (iii) breach of contract.  Avon has filed the following claims against both HSH and Stroock: (i) common-law indemnification; (ii) civil conspiracy; and (iii) CUTPA.

**Stroock's Description (as stated by Stroock):**  Without prejudice to its rights if called upon to answer the SAC, Stroock agrees that, in general, Avon has described its allegations of malpractice against Stroock.  Stroock denies the acts of malpractice and denies that Connecticut law governs Avon's claims (and, in particular, denies that CUTPA applies).

**HSH's Description (as stated by HSH):**  Without prejudice to its rights if called upon to answer the SAC,  HSH states that in the SAC, Avon asserts seven alleged claims against HSH. The alleged claims against HSH include breach of fiduciary duty, constructive fraud on grounds of a

5

confidential or special relationship, negligence and breach of a duty of care (collectively, "Duty Claims"), as well as several alleged claims against both HSH and Stroock: common-law indemnification, civil conspiracy and violation of CUTPA. Avon asserts these claims in its alleged capacity as the sole equity owner of non-party Life Insurance Fund Elite LLC ("Fund Elite"), alleged to be a participant in the life settlement industry and the sole beneficiary in a Delaware statutory trust, Life Insurance Fund Elite Trust (the "Trust"). HSH denies that it owed or breached any duty to Avon, or that any of the allegations on which Avon's claims are allegedly based are accurate or true and that Avon's claims also fail as a matter of law.

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendants:

#### 1. HSH Defenses (as stated by HSH)

HSH denies the acts alleging breach of duty to Avon and that Avon's other claims also fail as a matter of law. In addition to the jurisdictional defenses that are described in the previous section, HSH has multiple defenses to each of the claims, including, without limitation, as follows:[2]

(i) Defenses Under Rule 12(b): In addition to defenses for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and (2), HSH also asserts additional defenses under Federal Rule 12 of improper venue and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(3) and (6).

(ii) Standing: Avon does not have standing to assert one or more of the claims alleged against HSH. Even assuming Avon has standing (which it does not) as an alleged equity owner of Fund Elite, Avon transferred its equity interest in Fund Elite in 2012.

---

[2] HSH asserts that the SAC should be dismissed, but if it is not dismissed in whole or in part, HSH reserves all rights to amend and/or supplement its defenses upon answering the SAC or otherwise as permitted in this Action.

(iii) <u>Statute of Limitations</u>: One or more of Avon's claims are barred by the applicable statute of limitations.

(iv) <u>Lack of Duty</u>: HSH has no fiduciary duty or other duty to Avon. Avon and HSH did not enter into any contract between themselves. Further, Avon cannot hold HSH responsible for the loss of value in Avon's alleged equity interest in Fund Elite.

(v) <u>No Representations</u>: HSH made no representations to Avon on which Avon could reasonably rely or that were false or fraudulent.

(vi) <u>Avon Not a Party to Loan Agreement</u>: Avon is not a party to the loan agreement between Fund Elite and HSH and Avon cannot seek relief under that loan agreement which specifically provides that no third party shall be deemed a beneficiary to the agreement.

(vii) <u>Comparative Negligence/Contributory Negligence</u>: Avon's claims are barred, in whole or in part, by the doctrines of contributory and comparative negligence.

(viii) <u>HSH Did Not Cause Avon's Injuries</u>: To the extent that Avon has any damages (which is denied), HSH is not the cause thereof.

(ix) <u>Avon Caused its Injuries</u>: Any injury that Avon has suffered is as a result of its own failure to comply with its own obligations.

(x) <u>No Damages</u>: Avon does not have any cognizable damages under law.

(xi) <u>Res Judicata/Collateral Estoppel</u>: The claims asserted by Avon against HSH are barred by res judicata and collateral estoppel.

(xii) <u>Waiver/Release</u>: Avon has waived and/or released any claims.

(xiii) <u>Arbitration and Award</u>: Avon's claims are subject to arbitration and award.

(xiv) <u>Failure to Join Necessary Party:</u> Avon has failed to join a necessary party, Fund Elite, in this Action.

7

### 2. HSH Claims

At this time, HSH has not asserted any Counterclaims, Third Party Claims or Cross Claims and reserves its right to do so if it is required to file an Answer in this case.

**3. Stroock's Defenses (as stated by Stroock):** Aside from its jurisdictional defenses, Stroock denies the acts of malpractice and specifically denies that, but for Stroock's purported malpractice, Avon would not have suffered the claimed loss.  Stroock will assert defenses that Avon's variously styled claims assert the same claim of malpractice and that Avon's claim is barred by the applicable statute of limitations, among other things.  In the proper forum, Stroock will assert a counterclaim for unpaid legal fees and expenses of $147,797.34, plus pre-judgment interest.  Stroock reserves the right to amend and/or supplement its defenses upon answering the SAC or otherwise as permitted in this Action or in a related arbitration.

C. **Defenses and Claims of Third Party Defendant/s:**  N/A.

IV.   **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Stroock believes that it is premature to try to agree upon undisputed facts and that it would be objectionable, particularly in the face of meritorious motions to dismiss, to require Stroock to respond to specific allegations of the SAC.

Avon and HSH state that they have no dispute as the following facts:[3]

**The Parties**

1. Plaintiff Avon Holdings is a Delaware limited liability company.

2. Plaintiff Avon Capital is a Wyoming limited liability company.

3. HSH is a German banking corporation with a representative office located at 230 Park Avenue, 34th Floor, New York, New York 10169.

---

[3] While stipulating that the facts set forth herein shall be considered undisputed, the Parties do not agree whether certain of the facts may be material or relevant to this Action and reserve their respective rights to assert the same.

**Fund Elite**

4. In October 2007, Fund Elite created and became the settlor and sole beneficiary of the Trust, a Delaware statutory trust.

5. Pursuant to the Operating Agreement for Fund Elite dated August 10, 2007, as amended, the management of Fund Elite is vested exclusively in its managing member.

6. Avon Holdings is not and has never been a managing member of Fund Elite.

**The LSA**

7. In October 2007, HSH and Fund Elite executed a written loan and security agreement pursuant to which HSH agreed, subject to satisfaction of the terms, conditions and limitations thereof, to make loans available to Fund Elite (the "LSA") in an amount up to $150 million.

8. Pursuant to the LSA, Fund Elite pledged substantially all of its assets to its lender, HSH.

9. Avon was not a party to the LSA.

10. Section 11.2 of the LSA provides that all notices to HSH are to be sent to it at its London address and all notices to Fund Elite are to be sent to it at its New York address.

11. Section 11.2 of the LSA provides that Stroock is an additional notice party for HSH with respect to the LSA.

12. Section 11.11 of the LSA provides that no third party shall be deemed a beneficiary of that agreement.

13. Fund Elite defaulted in its obligations to HSH under the LSA.

14. As of January 23, 2013, Fund Elite was indebted to HSH in the amount of not less than $56 million, all of which indebtedness was immediately due and owing.

15. Pursuant to an agreement dated January 23, 2013, Fund Elite granted peaceful possession to HSH of substantially all of Fund Elite's assets (the "Peaceful Possession Agreement"), subject to certain conditions.

16. Neither Avon entity was a signatory to the Peaceful Possession Agreement.

**The Purchase and Sale Agreement**

17. Pursuant to a Life Settlements Purchase and Sales Agreement dated November 15, 2010, by and between the Trust and Avon Capital (the "PSA"), Avon Capital agreed to sell, and the Trust agreed to purchase, life settlement policies having a value as set forth in the PSA that satisfied certain terms and conditions of the PSA.

18. Among the terms and conditions of the PSA, Avon agreed therein that the policies that it sold to the Trust would satisfy the criteria (the "Criteria") set forth in the PSA (the "Compliant Policies").

19. HSH was not a party to the PSA.

20. HSH had no communications with Avon regarding the PSA until after the Peaceful Possession Agreement was signed on January 23, 2013.

**The Arbitration**

21. In April 2014, the Trust filed a demand for arbitration against Avon Capital with the American Arbitration Association asserting claims under the PSA and related documents (the "Arbitration").

22. In the Arbitration, the arbitrator issued his final award on February 25, 2016 ("Award").

23. In the Award, the Arbitrator held that Avon Capital is liable to the Trust in the total amount (including interest, fees and costs) of $86,271,421.18 for the reasons set forth therein.

24. By Verified Petition dated March 8, 2016, the Trust commenced an action in the Supreme Court of the State of New York, County of New York, to confirm the Award.

25. On May 6, 2016, Avon opposed confirmation of the Award and cross-moved to vacate the Award.

**V.      Case Management Plan:**

      **A.  Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases and the Order on Pretrial Deadlines as follows:  The current discovery deadline is July 23, 2016. The parties request that all discovery be stayed until the Court rules on the motion to dismiss to be filed by HSH and the motion to dismiss and to compel arbitration (or to stay proceedings pending arbitration) to be filed by Stroock (collectively, the "motions to dismiss").[4]  If the motions to dismiss are denied, in whole or in part, then all discovery shall be completed within six (6) months from the date of entry of an order denying the motions to dismiss.  If separate orders are issued with respect to the motions to dismiss filed by HSH and Stroock, discovery shall be completed within six (6) months following the date of the last such order denying either of the motions.

Furthermore, if the motions to dismiss are denied, in whole or in part, within fifteen (15) days thereafter the parties shall submit to the Court a revised scheduling order governing all discovery — which shall be completed within six (6) months from the date the motions to dismiss are denied.

Alternatively, if discovery is not stayed, the deadline to conclude discovery should be extended by six months to January 31, 2017.

      **B.  Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

      **C.  Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Avon and HSH have discussed the possibility of settlement.

---

[4]  By Order dated June 2, 2016, the Court granted HSH permission to file a motion to dismiss the SAC.  [ECF No. 31]  However, Avon consents to Stroock filing such a motion subject to the same deadlines applicable to HSH's motion to dismiss.

  2.  The parties do not request an early settlement conference.

  3.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.  However, Stroock contends that all claims between it and Avon must be referred to binding arbitration.  Avon disputes that contention.

  **D. Joinder of Parties and Amendment of Pleadings**

  1. The Plaintiffs have amended their SAC twice in this Action and in connection therewith, have amended claims, dropped a party and added a party.  However, in light of one of HSH's defenses that Avon has failed to join a necessary party (Fund Elite) to this action, Avon reserves the right to seek the parties' consent and/or the Court's permission to join additional parties and further amend the complaint.  Defendants reserve all rights with respect to any further joinder of parties or amendment of pleadings.

  2. At this time, HSH does not anticipate joining additional parties but reserves the right to do so in the event the Court denies its motion to dismiss, in whole or in part. Pursuant to the May 25 Order of the Court, HSH and Stroock have until June 27, 2016 to file a response to the SAC.

  **E. Discovery[5]**

  a.  The parties anticipate that discovery will be needed on the following subjects:

**Avon's Issues for Discovery (as stated by Avon):**

  Avon asserts that it will require discovery on the following issues as to which HSH and Stroock reserve all rights to object, including on the grounds of relevance:

    (i)  the operations and finances of the Trust and Fund Elite;

    (ii)  HSH's involvement with the Trust and Fund Elite;

    (iii)  Stroock's involvement with HSH, the Trust and Fund Elite;

    (iv)  the Connecticut contacts of HSH and Stroock; and

    (v)  Avon's damages.

---

[5] All parties reserve their rights to amend, supplement or modify the issues for discovery as necessary during the progression of this Action.

**HSH's Issues for Discovery (as stated by HSH):**

HSH asserts that it will require discovery on the following issues as to which Avon and Stroock reserve all rights to object, including on the grounds of relevance:

(i) Avon's communications and relationship with HSH, including any alleged representations or statements made by HSH to Avon;

(ii) Avon's communications and relationship with Fund Elite, including without limitation communications with Fund Elite's manager concerning the LSA, PSA and related documents;

(iii) Avon's failure to deliver Compliant Policies under the PSA and related documents;

(iv) Avon's relationship with Stroock, including its communications regarding the PSA and related documents.

(v) The basis for Avon's allegations that HSH owed Avon any duty or that a fiduciary relationship existed between them;

(vi) The alleged restructuring of Fund Elite;

(vii) The actions that HSH allegedly took or refrained from taking with respect to Fund Elite and the Trust as described in paragraph 40 of the SAC;

(viii) The lapsing of life settlement policies held by the Trust, including without limitation, Avon's allegations that HSH allowed life insurance settlement policies to lapse as set forth in paragraph 38 of the SAC.

(ix) Avon's allegations that HSH "dragged its feet" and "changed the criteria that the submitted policies needed to satisfy" as set forth in paragraph 29 of the SAC.

(x) The management and ownership of Fund Elite, including the members of Fund Elite and nature and amount of Avon's alleged equity interests in Fund Elite;

(xi) Avon's allegations that it suffered damages in the amount of at least $60 million as set forth in Counts I – IV of the SAC.

**Stroock's Issues for Discovery (as stated by Stroock):**

Stroock reserves the right to propound appropriate discovery in this Action, in the event of denial of its motion to dismiss and/or to compel arbitration.

b.  The parties request that all discovery shall be stayed pending the Court's decisions on the motions to dismiss. If the motions to dismiss are denied, in whole or in part, then all discovery shall be completed within six (6) months from the date of entry of an order denying the motions to dismiss. If separate orders are issued with respect to the motions to dismiss filed by HSH and Stroock, discovery shall be completed within six (6) months following the date of the last such order denying either of the motions. A revised scheduling order (dealing with all discovery issues) shall be submitted to the Court within fifteen (15) days after the last order that disposes of both motions.

c.  If the motions to dismiss are denied, all other discovery issues shall be addressed in detail in the revised scheduling order to be submitted to the Court within fifteen (15) days after the date of denial.

### F. Dispositive Motions

Pursuant to the Court's order dated May 25, 2016 [ECF No. 30], HSH shall file its motion to dismiss by June 27, 2016. Avon agrees that Stroock may file a motion to dismiss by June 27, 2016. Pursuant to the schedule agreed upon by the parties, Avon will respond to both Motions to Dismiss by July 15, 2016, and HSH and Stroock will file reply papers by July 29, 2016.

### G. Joint Trial Memorandum

If the motions to dismiss are denied, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within fifteen (15) days after the completion of discovery, and no later than seven (7) months after the date of denial.

## VI.     TRIAL READINESS

If the motions to dismiss are denied, the case will be ready for trial no later than nine (9) months after the date of denial.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| **AVON CAPITAL HOLDINGS, LLC**<br>**and AVON CAPITAL, LLC** | **HSH NORDBANK AG** |
|---|---|
| */s/ Jack E. Robinson*<br>Jack E. Robinson, Esq. (ct16022)<br>LEYDEN & MAIN LEGAL GROUP, P.C.<br>25 Seir Hill Road<br>Norwalk, CT 06850<br>(203) 905-1970<br>(866) 941-4617 (fax)<br>robinsonesq@aol.com | */s/ Scott D. Rosen w/permission by JER*<br>Scott D. Rosen, Esq. (ct01417)<br>COHN BIRNBAUM & SHEA, P.C.<br>100 Pearl Street<br>Hartford, CT 06103<br>(860) 493-2200<br>(860) 727-0361 (fax)<br>srosen@cbshealaw.com |

**STROOCK & STROOCK & LAVAN LLP**

*/s/ James R. Smart w/permission by JER*
James R. Smart (ct20982)
McELROY, DEUTSCH, MULVANEY & CARPENTER LLP
30 Jelliff Lane
Southport, CT 06890
(203) 319-4039
(203) 319-4034
jsmart@mdmc-law.com